# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

TIFFANY NGUYEN, WILLIAM MUSCARA    :
on behalf of themselves and all others    :     **CASE NO.**
similarly situated,    :
   :
     Plaintiffs,    :
   :     **CLASS ACTION**
        v.    :     **JURY DEMAND**
   :
VITAL PHARMACEUTICALS, INC., d/b/a    :
VPX Sports, a Florida corporation,    :
   :
     Defendant.    :
_____    :

## CLASS ACTION COMPLAINT

Plaintiffs Tiffany Nguyen and William Muscara file this Class action complaint on behalf of themselves and all others similarly situated against Vital Pharmaceuticals, Inc., d/b/a VPX Sports, a Florida corporation ("VPX" or "Defendant"), and as grounds state:

## INTRODUCTION

1. Defendant formulates, manufactures and sells "BANG" branded caffeinated and non-caffeinated purported sports energy drink products ("BANG" or "Products") throughout the country, including California, Florida and Pennsylvania. Defendant advertises and markets BANG in a uniform and systematic misleading manner designed to lure consumers into purchasing BANG by misrepresenting that BANG contains "potent" ingredients, when in reality, they are present, if at all, in minimal doses which are so low to be ineffective or not capable of delivering the claimed benefits.

2. This is a Class action on behalf of purchasers and consumers of "BANG," a purported sports and energy drink product manufactured and marketed by Defendant that does not contain the ingredients advertised or listed on its label, nor does it provide the effects and benefits

from consuming the product that it advertises.  Defendant has committed unfair and deceptive practices and has been unjustly enriched by marketing and selling BANG in a way that misleads consumers into believing that BANG contains ingredients that will provide the effects and benefits of these ingredients for those who purchased and consumed it.

3.      Plaintiffs and each of the Class members suffered an injury in fact caused by Defendant's false, fraudulent, deceptive and misleading statements, representations and practices set forth herein, and seek compensatory damages, statutory damages, and declaratory and injunctive relief.

## JURISDICTION, VENUE, AND PARTIES

4.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) there are 100 or more Class members, (ii) there is an aggregate amount  in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and the Defendant are citizens of different states.

5.      Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because the Defendant is based within it and conducts business within it, has intentionally availed itself of the laws and markets of this district, a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant caused harm to Class members residing in this district.

6.      Defendant VPX is a Florida corporation and its principal place of business is in Weston, Florida, within this district.

7.      All conditions precedent to this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

8.      Defendant's sales of BANG are driven by consumers seeking the listed ingredients and their purported benefits of those ingredients as advertised and represented by Defendant on the Products' labeling, on its website and in its advertising and marketing literature. As a result, Defendant prominently advertises and represents on its website, Products' labels and its literature that BANG consists of the highest quality "potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)."  The labels on the Products purport to list Creatine, CoQ10, and Branched Chain Amino Acids as contained therein. Such representations on the Products' labeling, on its website and in its advertising and marketing literature constitute an express warranty regarding the Products' ingredients and purported benefits.

9.      Defendant claims on its website that all of its "raw materials are received into the warehouse, quarantined, and then tested for efficacy in our own state of the art laboratories to ensure that we only provide the end-consumer with the best product possible." Defendant further markets and represents that the Creatine is "SUPER," that the CoQ10 is "ULTRA,"  and to "Power up with BANG's potent brain & body-rocking fuel: creatine, Caffeine, CoQ10 & BCAAs." However, there are insufficient or nugatory amounts of these ingredients in BANG, and BANG is incapable of delivering the promised benefits and effects of these ingredients in the amounts contained therein.

10.     The labels on BANG also represent and state "Potent Brain & Body-Rocking Fuel," and the labels highlight the consumer to the amount of Creatine, BCAAs, and CoQ10 purported to be contained within the Products. All of the Products list the ingredients around the top of the container, and again on the information panel, and yet again in the Nutrition Facts panel.[1]

---

1 Defendant makes the same representations on its website and tells consumers to "Power up with BANG's potent

11.     Defendant markets and sells BANG in a variety of product quantity (i.e. pack of four, twelve, etc.) and in a variety of flavors (Cotton Candy, Lemon drop, Root Beer, etc.) that each make and repeat in identical fashion the same above claims of ingredients and potency on the containers, marketing literature and website.

12.     At all times relevant hereto, BANG is sold throughout the country through retailers such as Vitamin Shoppe and through online sites such as Amazon. The product description for BANG on these retailer's websites included the same claims about ingredients and potency that Defendant makes on the Products' labeling, its website and its marketing literature.[2] Contrary to these clear and identical product representations, BANG does not contain "SUPER" Creatine or "ULTRA" Coenzyme Q10, or the amounts contained therein are minimal. Nor does it contain the spectrum of Branched Chain Amino Acids in any "potent" amount sufficient to deliver any purported benefits to consumers.

13.     Defendant's representations were intended to and do mislead consumers into believing they are purchasing Products with the claimed ingredients and which can deliver the claimed benefits.  Consumers believe they are purchasing and then consuming a sports and energy drink that will have desired ingredients and deliver the desired benefits. Yet the drink does not contain the ingredients as marketed and labeled by Defendant; in reality, they are present, if at all, in minimal doses which are so low to be ineffective or not capable of delivering the claimed benefits of consuming the Products.

---

brain & body-rocking fuel: Creatine, Caffeine, & BCAAs9 Branch Chain Amino Acids.).
https://vpxsports.com/product/bang-12-pack/?doing_wp_cron=1539219060.9104490280151367187500 (last visited Jan. 28, 2019).
[2] *See* https://www.amazon.com/VPX-Bang-Variety-Pack-Case/dp/B01MXLR4I4?th=1 (last visited Jan. 28, 2019); https://www.vitaminshoppe.com/p/bang-citrus-twist-12-drinks/vz-2040 (last visited Jan. 28, 2019).

14.     Defendant knows that consumers are willing to pay more for sports and energy products that contain "SUPER" Creatine, "ULTRA" CoQ10, and Branched Chain Amino Acids, as opposed to those that do not, in part because the listed ingredients are valuable and desired for these consumers, the quality is higher, and consumers believe they are paying costs associated with higher quality "potent," "SUPER," and "ULTRA" ingredients.

15.     Plaintiffs and Class members purchased and consumed BANG because they believed, based on the misleading representations on the product label, Defendant's website and listed on retailer's websites such as Vitamin Shoppe and Amazon, that the contained the ingredients represented on the Products' labeling and in doses that were "Potent" as claimed on the front and back of the Products' labeling.

16.     The Products are misbranded because of Defendants' mislabeling of the Products as described herein.

17.     Defendant's false, deceptive and misleading statements violate the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(a)(1), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular."

18.     States have expressly adopted or incorporated a general prohibition against food labeling (including nutritional supplements) that is false or misleading in any particular, or against the sale of food which is adulterated, in their state Food, Drug, and Cosmetic Acts. These state statutes incorporate by reference relevant portions of the FDCA. *See, e.g.*, Arkansas's Food, Drug, and Cosmetic Act, Ark. Code. Ann. § 20-56-201, *et seq.*; California's Sherman Food, Drug, and Cosmetics Act, Cal. Health & Safety Code § 109875, *et seq.*; Florida's Food Safety Act, Fla. Stat. Ann. § 500.01, *et seq.*; Michigan's Food Law, Mich. Comp. Laws Ann. 289.1101, *et seq.*;

Minnesota's Food Law, Minn. Stat. Ann. § 34A.01, *et seq*.; New York's Agriculture and Markets law, N.Y. Agric. & Mkts. Law § 1, *et seq*.; New Hampshire's Purity and Branding of Foods and Drugs law, N.H. Rev. Stat. Ann. § 146:1, *et seq*.; Pennsylvania's Food Safety Act, 3 Pa. C.S.A. § 5721, *et seq*.; and Texas's Food, Drug, and Cosmetic Act, Tex. Health & Safety Code Ann. § 431.001, *et seq.*

19.      Defendant's false, deceptive and misleading statements violate the aforementioned states' Food, Drug, and Cosmetic Acts, which deem food (including nutritional supplements) misbranded when the label contains a statement that is false or misleading in any particular, or against the sale of food which is adulterated. As a result of Defendant's false, deceptive, and misleading packaging, labeling and representations, consumers such as Plaintiffs are deceived when they purchase BANG in violation of state laws governing unfair and deceptive trade practices.

20.      Defendant has also been unjustly enriched as a result of its conduct. As a result of these unfair and deceptive practices, Defendant has collected millions of dollars from the sale of BANG that it would not have otherwise earned.  Plaintiffs and Class members paid money for a product that is not what it claims to be or what they bargained for.  They paid a premium for BANG when they could have instead bought other, less expensive, sports and energy drinks, and consumers have lost the opportunity to purchase and consume other sports and energy drinks that do in fact contain these desired ingredients.

21. Plaintiff and Class members would not have purchased the Products, or would not have paid as much for the Products, had they known the truth about the falsely represented and marketed Products. As such, Plaintiffs and Class members sustained harm which was proximately caused by Defendant.

**Plaintiffs**

22.     At all relevant times, Plaintiff Tiffany Nguyen is a citizen of California and resides in Fountain Valley, California.  During the relevant time period, Plaintiff purchased VPX's BANG in reliance upon the representations on its labels regarding the ingredients claimed to be in the Products and the purported benefits that the ingredients would provide from consuming the Products.  Specifically, in January of 2018, Plaintiff started purchasing BANG at least two to three times per month at retailers within California, including GNC, Vitamin Shoppe and local convenience stores.  Plaintiff has since learned that BANG does not contain the marketed and labeled ingredients, or that the amounts are de minimis and cannot provide the purported benefits from consuming the Products.  Plaintiff took into account VPX's misrepresentations in making her purchases and would not have purchased BANG, or would have only been willing to pay a substantially reduced price for BANG, or would have purchased an alternative product, had she known that VPX's representations were false and misleading.   Based on Defendant's misrepresentations, omissions and deceptive conduct, Plaintiff purchased a sports and energy drink that had less value than what she paid, and she has accordingly suffered legally cognizable damages proximately caused by Defendant's misconduct.

23.     At all relevant times, Plaintiff William Muscara is a citizen of Pennsylvania and resides in Lansdale, Pennsylvania.  During the relevant time period, Plaintiff purchased VPX's BANG in reliance upon the representations on its labels regarding the ingredients claimed to be in the Products and the purported benefits that the ingredients would provide from consuming the Products.  Specifically, in August of 2017, Plaintiff started purchasing BANG at least once per week at retailers within Pennsylvania including GNC and local convenience stores. Plaintiff has since learned that BANG does not contain the marketed and labeled ingredients, or that the

amounts are de minimis and cannot provide the purported benefits from consuming the Products. Plaintiff took into account VPX's misrepresentations in making his purchases and would not have purchased BANG, or would have only been willing to pay a substantially reduced price for BANG, had he known that VPX's representations were false and misleading.   Based on Defendant's misrepresentations, omissions and deceptive conduct, Plaintiff purchased a sports and energy drink that had less value than what he paid, and he has accordingly suffered legally cognizable damages proximately caused by Defendant's misconduct.

24.    Plaintiffs purchased BANG in reliance upon Defendant's representations regarding its "Potent" ingredients and their purported benefits as set forth above and was willing to pay a premium for BANG because of these representations, and would not have purchased, or would not have paid as much for the products, or would have purchased alternative products in the absence of these representations.

## CLASS ALLEGATIONS

25.    Plaintiff brings this action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other persons similarly situated.

26.    Plaintiffs seeks certification of a nationwide Class under Florida law, defined as follows:

> **All persons who purchased BANG in the United States ("Nationwide Class").**

27.    Plaintiff also seeks certification of a California Class under California law, defined as follows:

> **All persons who purchased BANG in California ("California Class").**

28.     Plaintiff also seeks certification of a Pennsylvania Class under Pennsylvania law, defined as follows:

> **All persons who purchased BANG in Pennsylvania ("Pennsylvania Class").**

29.     Defendant subjected Plaintiffs and the respective Class members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner and was unjustly enriched in the same manner.

### A.     Numerosity

30.     The proposed Classes are so numerous that joinder of all members would be impracticable.    Defendant sells and distributes BANG throughout California, Florida, Pennsylvania and across this nation, at numerous retail locations within the United States. Although the number of Class members is not presently known, it is likely to be comprised of many hundreds of thousands of consumers.  The Classes are certainly so numerous that joinder of all members of the Classes is impracticable.

### B.     Commonality

31.     As outlined below, there are questions of law and fact that are common to all Plaintiffs and Class members' claims.  These common questions predominate over any questions that go particularly to any individual member of the Classes.  Common questions of fact and law exist because, *inter alia*, Plaintiff and all Class members purchased BANG, consistent with its marketing and labeling as containing premium or "SUPER" Creatine, "ULTRA" CoQ10, and Branch Chain Amino Acids, and paid a premium for same.  Indeed, all of Defendant's packaging and labeling for BANG is uniform throughout California, Florida, Pennsylvania and the United States.

32.     The common questions include, but are not limited to:

a.  Whether Defendant falsely, deceptively and/or misleadingly misrepresented BANG as containing desired and valuable ingredients that it in fact did not contain, or contained in insufficient amounts to be meaningful;

b.  Whether Defendant's misrepresentations and/or omissions are likely to deceive a reasonable consumer;

c.  Whether BANG, when used by consumers in a normal and customary manner and/or as suggested by Defendant works as advertised, marketed and represented to consumers;

d.  Whether the representations and claims Defendant made and is still making regarding BANG is unfair, deceptive and misleading to consumers;

e.  Whether BANG contained the ingredients stated on the Products' labeling and in doses that were "POTENT" as claimed on the label to provide the purported benefits;

f.  Whether Defendant knew that the consumers purchasing the Products would not receive the promised and represented benefits of the Products;

g.  Whether Defendant knowingly made false, misleading statements and omitted material information in connection with a consumer transaction that reasonable consumers were likely to rely upon to their detriment and make the purchase;

h.  Whether Defendant knew or should have known that the representations, marketing statements and advertisements with respect to the Products' ingredients and the purported benefits of the ingredients from consuming the Products were unsubstantiated, false, and misleading;

i.  Whether Defendant has breached express and implied warranties in the sale and marketing of the Products;

j.  Whether the BANG was misbranded and adulterated when placed into the steam of commerce by Defendant and purchased by Plaintiffs in violation of Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(a)(1), and state Food, Drug and Cosmetic acts including those enacted by California, Florida and Pennsylvania.

k.  Whether Defendant's acts and omissions violated the consumer fraud and unfair trade practice statues;

l.  Whether and to what extent Defendant has been unjustly enriched by its conduct;

m.  Whether Plaintiffs and members of the Class did not receive the benefit of the bargain;

n.    Whether Plaintiffs and members of the Classes were damaged by Defendant's conduct;

o.    Whether Plaintiffs and members of the Classes are entitled to damages;

p.    Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages plus interest thereon and/or monetary restitution;

q.    Whether Defendant must disgorge any sums it has made as a result of its misconduct;

r.    Whether Defendant's conduct rises to the level of willfulness so as to justify punitive damages; and

s.    Whether an injunction is appropriate in order to prevent Defendant from continuing to engage in unfair, deceptive and unlawful activity.

### C.    Typicality

33.    Plaintiffs' claims are typical of the claims of the members of the Classes because they purchased and consumed BANG, which was deliberately misrepresented as having valuable ingredients that it did not in fact possess and as such could not provide the purported benefits. Thus, Plaintiff and all Class members sustained the same injury arising out of VPX's common course of conduct in violation of law as complained of herein. The injury of each Class member was caused directly by VPX's uniform wrongful conduct in violation of law as alleged herein. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiffs as a result of Defendant's wrongful conduct.

### D.    Adequacy of Representation

34.    Plaintiffs will fairly and adequately protect the interest of the members of the Classes. Plaintiffs have retained competent and experienced Class action attorneys to represent her interests and those of the Classes. Plaintiffs' counsel have the necessary financial resources to adequately and vigorously litigate this Class action. Plaintiffs have no adverse or antagonistic interests to those of the Classes. Plaintiffs are willing and prepared to serve the Court and the

Class members in a representative capacity, with all of the obligations and duties material thereto, and determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

35.     To prosecute this case, Plaintiffs have chosen the undersigned law firms, which are very experienced in Class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### E.     Requirements of Fed. R. Civ. P. 23(b)(3)

36.     This action is appropriate as a Class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37.     ***Common Questions of Law and Fact Predominate:*** The aforementioned questions of law or fact common to Plaintiff and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class.

### F.     Superiority

38.     A Class action is superior to individual actions in part because of the non-exhaustive factors listed below:

a.     Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside all across the United States;

b.     Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake.  As a result, individual Class members have no interest in prosecuting and controlling separate actions;

c.     There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

d.     The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

12

e.      Individual suits would not be cost effective or economically maintainable as individual actions; and

f.      The action is manageable as a Class action.

39.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of these Class actions that would preclude their maintenance as Class actions.

### G.      Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

40.     Prosecuting separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

41.     Defendant has acted or failed to act in a manner generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

42.     VPX's wrongful conduct and practices, if not enjoined, will subject Class members and other members of the public to substantial continuing harm and will cause irreparable injuries to Class members and members of the public who are damaged by VPX's conduct.

### COUNT I

### UNJUST ENRICHMENT
### (All Classes)

43.     Plaintiffs re-allege and incorporates paragraphs 1 through 42 above as if fully set forth herein, and further allege as follows:

44.     The Defendant received from Plaintiffs and Class members benefits in the form of money and inflated profits related to Defendant's misrepresentations of BANG as containing valuable and desired ingredients which would provide the purported benefits, when in fact BANG

lacked those ingredients or contained those ingredients in de minimis or minimal doses which are so low to be ineffective or not capable of delivering the claimed benefits.

45.     The Defendant acted to mislead consumers into believing that BANG contained "SUPER" Creatine, Branched Chain Amino Acids, and "ULTRA" CoQ10, when in fact it did not, or lacked sufficient amounts to be meaningful or to deliver the represented benefits or effects of these ingredients.

46.     The Defendant received financial benefits in the form of inflated sales and increased profits from its conduct.  The source of these financial benefits is the purchase of BANG by Plaintiffs and the Classes while being deceived that BANG contained these valuable and desired ingredients and as such would provide the purported benefits.  As a result, Plaintiffs and the Classes have conferred a benefit on the Defendant.

47.     The Defendant had knowledge of this benefit and voluntarily accepted and retained the benefits conferred on them.

48.     The Defendant will be unjustly enriched if allowed to retain the aforementioned benefits, and each Class member is entitled to recover the amount by which the Defendant was unjustly enriched at his or her expense.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Class members, demand an award against the Defendant in the amounts by which VPX has been unjustly enriched at Plaintiffs' and the Class members' expense, and such other relief as this Court deems just and proper.

## COUNT II

### BREACH OF EXPRESS WARRANTY (UCC § 2-313)
### (All Classes)

49.     Plaintiffs re-allege and incorporate paragraphs 1 through 42 above as if fully set forth herein, and further allege as follows:

50.     UCC § 2-313 states that an express warranty is created by:

  a.  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

  b.  Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

  c.  Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

51.     UCC § 2-313 has been adopted in:

  a.  Florida, § 672.313, Fla. Stat.

  b.  California, § 2313, Cal. Com. Code.; and

  c.  Pennsylvania, 13 Pa. Cons. Stat. Ann. § 2713.

52.     Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

53.     Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

15

54.     Defendant breached expressed warranties because BANG does not provide the ingredients or effects that it is advertised as providing, and BANG does not conform to the ingredient specifications on its label and packaging.

55.     Plaintiffs and the Classes sustained damages as a direct and proximate result of Defendant's breach in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

56.     Plaintiff and the Classes have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

57.     Accordingly, Plaintiffs are entitled to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all similarly situated Class members, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (UCC § 2-314) (All Classes)

58.     Plaintiffs re-allege and incorporate paragraphs 1 through 42 above as if fully set forth herein, and further allege as follows:

59.     UCC § 2-314 states that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

60.     UCC § 2-314 has been adopted in:

      a.   Florida, § 672.314, Fla. Stat.

      b.   California, § 2314, Cal. Com. Code.; and

      c.   Pennsylvania, 13 Pa. Cons. Stat. Ann. § 2714.

61.    Plaintiffs have standing to pursue this claim as they have suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

62.    Defendant VPX is a "merchant" within the meaning of UCC § 2-104 because VPX deals in the sale of BANG and holds itself out as "having knowledge or skill peculiar to" energy drinks such as BANG as well as the ingredients advertised such as Creatine, Branched Chain Amino Acids, and CoQ10.

63.    Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

64.    To be merchantable, a good must "[p]ass without objection in the trade under the contract description," be "fit for the ordinary purposes for which such goods are used," be "adequately contained, packaged, and labeled as the agreement may require," and "[c]onform to the promises or affirmations of fact made on the container or label if any." UCC § 2-314.

65.    Defendant breached the implied warranty of merchantability because BANG does not provide the ingredients or effects that it is advertised as providing, and BANG does not conform to the ingredient specifications on its label and packaging.

66.    Plaintiffs and the Classes sustained damages as a direct and proximate result of Defendant's breach in that they spent money on a premium-priced BANG product that they would

not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

67.     Plaintiff and the Classes have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

68.     Accordingly, Plaintiffs are entitled to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all similarly situated Class members, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT IV

## DECLARATORY JUDGMENT PURSUANT TO THE DECLARATORY JUDGMENT ACT
### (All Classes)

69.     Plaintiffs re-allege and incorporate paragraphs 1 through 42 above as if fully set forth herein, and further allege as follows:

70.      The Declaratory Judgment Act, 28 U.S.C. § 2201, empowers the courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

71.     Plaintiffs present an "actual controversy" within the meaning of 28 U.S.C. § 2201 and have standing to pursue this claim as they have suffered an injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

72.     Defendants have misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage

of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

73.     Plaintiffs and the Classes sustained damages as a direct and proximate result of Defendant's breach in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

74.     Plaintiffs and the Classes have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

75.     Accordingly, Plaintiffs are entitled to declaratory judgment stating the parties' rights and that Defendant's conduct is unlawful.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Class members, demand declaratory judgment stating the parties' rights and that Defendant's conduct is unlawful, and such other relief as this Court deems just and proper.

### COUNT V

### VIOLATION OF THE FLORIDA
### DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Nationwide Class)

76.     Plaintiffs re-allege and incorporate paragraphs 1 through 42 above as if fully set forth herein, and further allege as follows:

77.     FDUTPA, § 501.201, *et seq*., Fla. Stat., prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  § 501.204, Fla. Stat.

78.     Plaintiffs and the Nationwide Class are "consumers" as that term is defined in § 501.203(7), Fla. Stat.

19

79.     Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of Defendant's actions as set forth above.

80.     Defendant VPX has engaged in, and continues to engage in, "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices" in the conduct of its trade and/or commerce in the State of Florida.  Because Defendant is based in Florida and indeed in this district, the application of Florida law to its unlawful conduct on behalf of a nationwide Class is appropriate and lawful.

81.     VPX's business practices, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers.   Additionally, VPX's conduct is unfair because that conduct violated the legislatively declared policies in the FDUTPA.  Defendant misled consumers into believing that its BANG product contained valuable and desired ingredients, when in fact it does not.  VPX concealed this fact from consumers.

82.     Furthermore, VPX's business practices, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiffs and members of the Nationwide Class.

83.     The policies, acts, and practices alleged herein were intended to result and did result in the payment of inflated prices for the purchase of BANG by Plaintiffs and the Nationwide Class, which in turn were intended to generate unlawful or unfair compensation for Defendant.

84.     Specifically, Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

85.     Defendant's conduct of misrepresenting, mislabeling and misbranding BANG to Plaintiffs and consumers misled Plaintiffs into believing that BANG contained these valuable and desired ingredients, and Plaintiff relied on these misrepresentations.  Defendant's actions violate FDUTPA, and were conceived, devised, planned, implemented, approved, and executed within the State of Florida, which has an interest in prohibiting violations of FDUTPA.

86.     In addition, the practices employed by Defendant, whereby Defendant sold, promoted and marketed that its BANG product contained ingredients that it in fact lacked constitutes a *per se* violation of FDUTPA under § 501.203(3)(c), Fla. Stat., because it is in violation of the Florida Food Safety Act, § 500.04 (1) & (2), Fla. Stat., in that said products are misbranded.

87.     Defendant's false, unlawful, and misleading product descriptions render its products misbranded under Florida law.  Specifically, § 500.04, Fla. Stat., of the Florida Food Safety Act prohibits the manufacture, sale or delivery of "misbranded food."  Food is "misbranded" when "its labeling is false or misleading in any particular."  § 500.11(1)(a) & (b), Fla. Stat.  A food is considered mislabeled unless the proper disclosures are made "on the outside container or wrapper" on the product.  § 500.03(1)(t), Fla. Stat.  Misbranded products cannot be legally sold and are legally worthless.

88.     Plaintiffs and the Nationwide Class sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices.  § 501.211(2), Fla. Stat., provides Plaintiff and the Nationwide Class a private right of action against VPX, a Florida corporation, and entitles them to recover their actual damages plus attorneys' fees and costs.

89.     As a result of VPX's unfair conduct and deception, Plaintiff and members of the Nationwide Class relied on Defendant's misrepresentations and have been damaged in that they

spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

90.     VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers.  Plaintiffs and the Nationwide Class have been damaged by Defendant's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Defendant not misrepresented the product.

91.     Plaintiffs and the Nationwide Class have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiffs, on behalf of themselves and the Nationwide Class, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to FDUTPA, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

<u>COUNT VI</u>

<u>VIOLATION OF THE CALIFORNIA
CONSUMER LEGAL REMEDIES ACT (CLRA)
(California Class)</u>

92.     Plaintiff Nguyen re-alleges and incorporates paragraphs 1 through 42 above as if fully set forth herein, and further allege as follows:

93.     CLRA, § 1750, *et seq*., Cal. Civ. Code, prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to

result or that results in the sale or lease of goods or services to any consumer." § 1770, Cal. Civ. Code.

94. Plaintiff Nguyen and the California Class are "consumers" as that term is defined in § 1761(d), Cal. Civ. Code.

95. Plaintiff Nguyen has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

96. Defendant VPX has engaged in, and continues to engage in, "unfair methods of competition and unfair or deceptive acts or practices" in the conduct of its trade and/or commerce in the State of California. Because Defendant has purposefully availed itself of the privilege of conducting business in California, the application of California law to its unlawful conduct on behalf of the California Class is appropriate and lawful.

97. VPX's business practices, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers. Additionally, VPX's conduct is unfair because that conduct violated the legislatively declared policies in the CLRA. Defendant misled consumers into believing that its BANG product contained valuable and desired ingredients, when in fact it does not. VPX concealed this fact from consumers.

98. Furthermore, VPX's business practices, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiff Nguyen and members of the California Class.

99. The policies, acts, and practices alleged herein were intended to result and did result in the payment of inflated prices for the purchase of BANG by Plaintiff Nguyen and the California Class, which in turn were intended to generate unlawful or unfair compensation for Defendant.

100.     Specifically, Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not. VPX took advantage of Plaintiff Nguyen's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

101.     Defendant's conduct of misrepresenting and mislabeling BANG to Plaintiff Nguyen and consumers misled Plaintiff Nguyen into believing that BANG contained these valuable and desired ingredients, and Plaintiff Nguyen relied on these misrepresentations. Defendant's actions violate CLRA, and Defendant promoted, distributed, and sold BANG within the State of California, which has an interest in prohibiting violations of CLRA.

102.     The practices employed by Defendant, whereby Defendant sold, promoted and marketed that its BANG product contained ingredients that it in fact lacked constitute a violation of CLRA under:

   a.   § 1770(a)(5), Cal. Civ. Code.: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have."

   b.   § 1770(a)(7), Cal. Civ. Code.: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

   c.   § 1770(a)(9), Cal. Civ. Code.: "Advertising goods or services with intent not to sell them as advertised."

   d.   § 1770(a)(16), Cal. Civ. Code.: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

103.    Plaintiff Nguyen and the California Class sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices.  §§ 1780(a) & 1781(a), Cal. Civ. Code, provide Plaintiff Nguyen and the California Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

104.    As a result of VPX's unfair conduct and deception, Plaintiff and members of the California Class relied on Defendant's misrepresentations and have been damaged in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

105.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers.  Plaintiff Nguyen and the California Class have been damaged by Defendant's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Defendant not misrepresented the product.

106.    Plaintiff Nguyen and the California Class have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

107.    While Plaintiff Nguyen and the California Class do not seek to recover damages under the CLRA in this complaint, after mailing appropriate notice and demand in accordance with Cal. Civ. Code § 1782(a) & (d), Plaintiff will subsequently amend this Complaint to also include

a request for compensatory and punitive damages. Such notice was mailed on or around January 29, 2019.

**WHEREFORE,** Plaintiff Nguyen, on behalf of herself and the California Class, demands judgment against Defendant for attorneys' fees pursuant to CLRA, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT VII

### VIOLATION OF THE CALIFORNIA
### UNFAIR COMPETITION LAW (UCL)
### (California Class)

108.    Plaintiff Nguyen re-alleges and incorporates paragraphs 1 through 107 above as if fully set forth herein, and further allege as follows:

109.    UCL, § 17200, *et seq*., Cal. Bus. & Prof. Code, prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."   § 17200, Cal. Bus. & Prof. Code.

110.    Plaintiff Nguyen has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

111.    Defendant VPX has engaged in, and continues to engage in, "unlawful, unfair or fraudulent business act(s) or practice(s) and unfair, deceptive, untrue or misleading advertising" in the conduct of its trade and/or commerce in the State of California.  Because Defendant has purposefully availed itself of the privilege of conducting business in California, the application of California law to its unlawful conduct on behalf of the California Class is appropriate and lawful.

112.    VPX's business practices and advertising, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially

26

injurious to their customers.  Additionally, VPX's conduct is unfair because that conduct violated the legislatively declared policies in the UCL.  Defendant misled consumers into believing that its BANG product contained valuable and desired ingredients, when in fact it does not.  VPX concealed this fact from consumers.

113.    Furthermore, VPX's business practices and advertising, as alleged herein, are "fraudulent, . . . deceptive, untrue or misleading" because they are likely to deceive consumers, including Plaintiff Nguyen and members of the California Class.

114.    Specifically, Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage of Plaintiff's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

115.    Defendant's conduct of misrepresenting and mislabeling BANG to Plaintiff Nguyen and consumers misled Plaintiff Nguyen into believing that BANG contained these valuable and desired ingredients, and Plaintiff Nguyen relied on these misrepresentations. Defendant's actions violate UCL, and Defendant promoted, distributed, and sold BANG within the State of California, which has an interest in prohibiting violations of UCL.

116.    In particular, the practices employed by Defendant, whereby Defendant sold, promoted and marketed that its BANG product contained ingredients that it in fact lacked were unlawful, and therefore constitute a violation of UCL, under:

> a.  California False Advertising Law, § 17500, Cal. Bus. & Prof. Code, which prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or

disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

b. California Consumer Legal Remedies Act, § 1750, *et seq*., Cal. Civ. Code, which prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." § 1770, Cal. Civ. Code

c. Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, which prohibits "[t]he adulteration or misbranding of any food, drug, device, tobacco product, or cosmetic in interstate commerce." 21 U.S.C. § 331.

117.    Plaintiff Nguyen and the California Class sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices.  § 17070, Cal. Bus. & Prof. Code, provides Plaintiff and the California Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

118.    As a result of VPX's unfair conduct and deception, Plaintiff Nguyen and members of the California Class relied on Defendant's misrepresentations and have been damaged in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

119.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially

injurious to its customers. Plaintiff Nguyen and the California Class have been damaged by Defendant's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Defendant not misrepresented the product.

120.     Plaintiff Nguyen and the California Class have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Nguyen, on behalf of herself and the California Class, demands judgment against Defendant for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to UCL, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

<u>COUNT VIII</u>

<u>VIOLATION OF THE CALIFORNIA
FALSE ADVERTISING LAW (FAL)
(California Class)</u>

121.     Plaintiff Nguyen re-alleges and incorporates paragraphs 1 through 120 above as if fully set forth herein, and further allege as follows:

122.     FAL, § 17500, Cal. Bus. & Prof. Code, prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

123.     Plaintiff Nguyen has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

124.     Defendant VPX has engaged in, and continues to engage in, advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading," in the conduct of its trade and/or commerce in the State of California.  Because Defendant has purposefully availed itself of the privilege of conducting business in California, the application of California law to its unlawful conduct on behalf of the California Class is appropriate and lawful.

125.     Furthermore, VPX's business practices and advertising, as alleged herein, are "untrue or misleading" because they are likely to deceive consumers, including Plaintiff Nguyen and members of the California Class.

126.     Specifically, Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage of Plaintiff Nguyen's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

127.     VPX knew or should have known through exercise of reasonable care that advertising for BANG was "untrue or misleading" because BANG did not include the valuable and desired ingredients in the formula for BANG, which VPX developed and manufactured, despite VPX's affirmative statements that BANG did include those ingredients.

128.     Defendant's conduct of misrepresenting and mislabeling BANG misled Plaintiff Nguyen into believing that BANG contained these valuable and desired ingredients, and Plaintiff Nguyen relied on these misrepresentations.  Defendant's actions violate FAL, and Defendant

promoted, distributed, and sold BANG within the State of California, which has an interest in prohibiting violations of FAL.

129.   Plaintiff Nguyen and the California Class sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices.  § 17535, Cal. Bus. & Prof. Code, provides Plaintiff Nguyen and the California Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

130.   As a result of VPX's unfair conduct and deception, Plaintiff Nguyen and members of the California Class relied on Defendant's misrepresentations and have been damaged in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

131.   VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers.  Plaintiff Nguyen and the California Class have been damaged by Defendant's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Defendant not misrepresented the product.

132.   Plaintiff Nguyen and the California Class have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Nguyen, on behalf of herself and the California Class, demand judgment against Defendant for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to FAL, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

<u>COUNT IX</u>

<u>VIOLATION OF THE PENNSYLVANIA
UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW (UTPCPL)
(Pennsylvania Class)</u>

133.    Plaintiff Muscara re-alleges and incorporates paragraphs 1 through 132 above as if fully set forth herein, and further allege as follows:

134.    UTPCPL, 73 Pa. Stat. § 201-1, *et seq*., prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  73 Pa. Stat. § 201-3.

135.    Plaintiff Muscara has standing to pursue this claim as he has suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth above.

136.    Defendant VPX has engaged in, and continues to engage in, "[u]nfair methods of competition and unfair or deceptive acts or practices" in the conduct of its trade and/or commerce in the Commonwealth of Pennsylvania.  Because Defendant has purposefully availed itself of the privilege of conducting business in Pennsylvania, the application of Pennsylvania law to its unlawful conduct on behalf of the Pennsylvania Class is appropriate and lawful.

137.    VPX's business practices and advertising, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers.  Additionally, VPX's conduct is unfair because that conduct violated the legislatively declared policies in the UTPCPL.  Defendant misled consumers into believing

that its BANG product contained valuable and desired ingredients, when in fact it does not.  VPX concealed this fact from consumers.

138.    Furthermore, VPX's business practices and advertising, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiff Muscara and members of the Pennsylvania Class.

139.    Specifically, Defendant has misled consumers into believing BANG contained "potent" Creatine, Branched Chain Amino Acids, and CoQ10, when it in fact does not.  VPX took advantage of Plaintiff Muscara's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

140.    Defendant's conduct of misrepresenting and mislabeling BANG to Plaintiff and consumers misled Plaintiff Muscara into believing that BANG contained these valuable and desired ingredients, and Plaintiff Muscara relied on these misrepresentations.  Defendant's actions violate UTPCPL, and Defendant promoted, distributed, and sold BANG within the Commonwealth of Pennsylvania, which has an interest in prohibiting violations of UTPCPL.

141.    In particular, the practices employed by Defendant, whereby Defendant sold, promoted and marketed that its BANG product contained ingredients that it in fact lacked were unlawful, and therefore constitute a violation of UTPCPL, under 73 Pa. Stat. § 201-2(4):

      a.   Subclause (v): "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have."

b. Subclause (vii): "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another."

c. Subclause (ix): "Advertising goods or services with intent not to sell them as advertised."

d. Subclause (xiv): "Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made."

e. Subclause (xxi): "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

142. Plaintiff Muscara and the Pennsylvania Class sustained damages as a direct and proximate result of Defendant's unfair and unconscionable practices. 73 Pa. Stat. § 201-9.2 provides Plaintiff Muscara and the Pennsylvania Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

143. As a result of VPX's unfair conduct and deception, Plaintiff Muscara and members of the Pennsylvania Class relied on Defendant's misrepresentations and have been damaged in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

144. VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially

injurious to its customers.  Plaintiff Muscara and the Pennsylvania Class have been damaged by Defendant's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had Defendant not misrepresented the product.

145.    Plaintiff Muscara and the Pennsylvania Class have suffered and will continue to suffer irreparable harm if Defendant continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Muscara, on behalf of himself and the Pennsylvania Class, demands judgment against Defendant for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to UTPCPL, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated individuals, demands judgment against Defendant as follows:

(1)    Declaring this action to be a proper Class action maintainable pursuant to Rule 23(a) and Rule 23(b)(1) & (2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiff and her counsel to be representatives of the Classes;

(2)    Enjoining Defendant from continuing the acts and practices described above;

(3)    Awarding damages sustained by Plaintiffs and the Classes as a result of the Defendant's conduct, together with pre-judgment interest;

(4)    Finding that Defendant has been unjustly enriched and requiring it to refund all unjust benefits to Plaintiffs and the Classes, together with pre-judgment interest;

(5)     Awarding Plaintiffs and the Classes costs and disbursements and reasonable allowances for the fees of Plaintiffs and the Classes' counsel and experts, and reimbursement of expenses;

(6)     Awarding Plaintiffs and the Classes unjust enrichment damages, injunctive relief, declaratory relief, attorneys' fees, and costs;

(7)     Awarding Plaintiffs and the Classes damages, injunctive relief, declaratory relief, attorneys' fees, and costs for breach of express warranties;

(8)     Awarding Plaintiffs and the Classes damages, injunctive relief, declaratory relief, attorneys' fees, and costs for breach of the implied warranty of merchantability;

(9)     Awarding Plaintiffs and the Nationwide Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under FDUTPA;

(10)     Awarding Plaintiff and the California Class injunctive relief, declaratory relief, attorneys' fees, and costs under CLRA;

(11)     Awarding Plaintiff and the California Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under UTC;

(12)     Awarding Plaintiff and the California Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under FLA;

(13)     Awarding Plaintiff and the Pennsylvania Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under UTPCPL; and

(14)     Awarding such other and further relief the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the Classes request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated:  January 30, 2019

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Attorneys for Plaintiff*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
E-Mail:     jalderman@thealdermanlawfirm.com
                kjohnson@thealdermanlawfirm.com

By: */s/ Jason R. Alderman*_____
      Jason R. Alderman
      Florida Bar No. 172375
      Kristy M. Johnson
      Florida Bar No. 144282
      Troy A. Tolentino
      Florida Bar No. 117981

LEVIN SEDRAN & BERMAN

By: */s/ Charles E. Schaffer*_____
      Charles E. Schaffer
      510 Walnut Street, Suite 500
      Philadelphia, PA  19106
      Telephone: 215-592-1500
      Facsimile: 215-592-4663
      E-Mail: cschaffer@lfsblaw.com