## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| TIFFANY NGUYEN, WILLIAM MUSCARA on behalf of themselves and all others similarly situated, | : : : : | **CASE NO. 0:19-CV-60261-RKA** |
| Plaintiffs, | : : | |
| v. | : : | **CLASS ACTION** **JURY DEMAND** |
| VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation, | : : : : | |
| Defendant. | : : | |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Tiffany Nguyen and William Muscara file this amended class action complaint on behalf of themselves and all others similarly situated against Vital Pharmaceuticals, Inc., d/b/a VPX Sports, a Florida corporation ("VPX"), and as grounds state:

## INTRODUCTION

1.     VPX formulates, manufactures and sells "BANG" branded sports energy drink products ("BANG" or "Products") throughout the country, including in California, Florida and Pennsylvania. VPX advertises and markets BANG to consumers throughout the nation in a uniform, systematic, and deceptive fashion.  VPX's national advertising and marketing are specifically designed to lure consumers into purchasing BANG by deceptively misrepresenting the contents of the Products.  Further, VPX's national advertising and marketing are all aimed at increasing its market share in the national sports beverage industry by engaging in deceptive and unfair competition against energy drink manufacturers that do not engage in such unethical behavior. *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.,* Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (alleging that VPX has gained market share "[f]ueled by flagrant

00034812.DOCX. 1

consumer deception and systematic anti-competitive businesses practices[.]") (this specific reference can be found at Doc. 61 ¶ 1).

2.      As more fully set forth *infra*, VPX misrepresents that BANG contains **specific** ingredients that it does not have or contains only in trace amounts. Accordingly, VPX's Products are scientifically incapable providing the very benefits that VPX represents on the Products' labeling, website, advertising, and marketing literature to deceptively lure consumers into purchasing the Products.

3.      Plaintiffs bring this class action on behalf of purchasers and consumers of "BANG," because the Products do not contain the ingredients VPX advertises and lists on its label, website, advertising, and marketing literature, or if it does, only in trace amounts so that the Products do not provide consumers the advertised effects and benefits from ingesting the Products in conformity with VPX's recommendations.  Accordingly, VPX has committed unfair and deceptive practices and has been unjustly enriched by its marketing and sales of BANG Products.  VPX has specifically misled consumers into believing that its Products contain ingredients that will provide the advertised effects and benefits as long as the consumer purchases and consumes it.  However, VPX's Products in no way have these ingredients in significant enough amounts to provide Plaintiffs and Class members with the benefits of the dose VPX represents. VPX also creates, designs, implements, finances, approves, and monitors its deceptive advertising campaign from its corporate headquarters.  Additionally, all sales revenue generated from VPX's sale of BANG on a national scale is ultimately directed, collected and retained in Florida and, more particularly, at VPX's headquarters in Weston, Florida.

4.      Plaintiffs and each of the Class members suffered an injury in fact caused by VPX's false, fraudulent, deceptive and misleading statements, representations and practices set forth herein, and seek compensatory and statutory damages as well as declaratory and injunctive relief.

## MONSTER LAWSUIT

5.      Monster Energy Company has sued VPX in a similar manner for the way that VPX deceptively markets BANG to gain market share in the national sports beverage industry.

6.      For example, Monster alleges that VPX "lie[s] to consumers, promising that BANG, for example, will build lean muscle and improve brain function. [VPX] cheat[s] government regulators, ignoring health and safety laws that provide essential protections to the public."[1]

7.      For example, VPX claims that BANG:

a.   Contains Super Creatine, which reaches the brain 20 times more efficiently than regular forms of creatine.[2]

b.   Drinking BANG can "'reverse mental retardation.'"[3]

c.   Drinking BANG helps fight "'Alzheimer's, Parkinson's, Huntington's, and other forms of dementia.'"[4]

---

1 *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶ 2).

2 *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶ 49).

3 *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶ 79).

4 *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶ 49).

8.     VPX the name itself and the company logo are even deceptive and designed to mislead consumers.  For example, Defendant calls itself a pharmaceutical company and created a logo that it intended to look like an "Rx" symbol, which is used for prescription drugs. [5]  VPX and its products are none of these things and are rather dietary supplements not subject to the same rigorous regulation as prescription drugs.

9.     Finally, VPX has had a long and continuous history of breaking the rules and is even subject to an enforcement action by a state attorney general. [6]

## JURISDICTION, VENUE, AND PARTIES

10.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) there are 100 or more Class members, (ii) there is an aggregate amount  in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and VPX are citizens of different states.

11.     Venue is proper in the Southern District of Florida under 28 U.S.C. § 1391(b)(2) because VPX is based within the district, conducts its business in the district, has intentionally availed itself of the laws and markets of this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and VPX caused harm to Class members residing in this district.

12.     VPX is a Florida corporation and its principal place of business is in Weston, Florida, which is within this district.

---

[5] *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶¶ 25-26.).
[6] *See Monster Energy Co. v. Vital Pharmaceuticals, Inc., et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶¶ 20-24).

13.     All conditions precedent to this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

14.     VPX's sales of BANG are driven by consumers seeking Products with the listed ingredients and purported benefits of those ingredients.  VPX specifically advertises these benefits on the Products' labeling, its website, and in its advertising and marketing literature. For example, VPX prominently advertises and represents on its website, Products' labels and marketing literature that BANG consists of the highest quality "potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)."  The labels of VPX's Products represent that they contain Creatine, CoQ10, and Branched Chain Amino Acids. VPX's representations on its Products' labeling, its website and in its advertising and marketing literature, accordingly, constitute an *express warranty* regarding the Products' ingredients and purported benefits.

15.     VPX claims on its website that all of its "raw materials are received into the warehouse, quarantined, and then tested for efficacy in [its] own state of the art laboratories to ensure that [it] only provide[s] the end-consumer with the best product possible." VPX further markets and represents that the Creatine is "SUPER," that the CoQ10 is "ULTRA,"  and to "Power up with BANG's potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs." However, VPX's Products contain either none of these ingredients or in such insufficient and nugatory amounts that BANG is incapable of delivering the promised benefits.

16.     The labels on BANG also represent and state: "Potent Brain & Body-Rocking Fuel," and the labels highlight the amount of Creatine, BCAAs, and CoQ10 purported to be

contained within the Products. All of the Products list the ingredients around the top of the container, and again on the information panel, and yet again in the Nutrition Facts panel.[7]



---

[7] VPX makes the same representations on its website and tells consumers to "Power up with BANG's potent brain & body-rocking fuel: Creatine, Caffeine, & BCAAs") https://vpxsports.com/product/bang-12-pack/?doing_wp_cron=1539219060.9104490280151367187500 (last visited May 23, 2019).





## ULTRA COQ1O

CONTAINS NO FRUIT JUICE

Stable Aqueous Amide-Protected Bioactive Creatine Species U.S. Patent No. 8,445,456

# Nutrition Facts
Serving Size 1 can (16 fl oz [473 mL])

**Amount Per Serving**

| | |
|---|---|
| **Calories** 0 | Calories from Fat 0 |

| | % Daily Value* |
|---|---|
| **Total Fat** 0 g | 0%* |
| Saturated Fat 0 g | 0%* |
| Trans Fat 0 g | |
| **Cholesterol** 0 mg | 0%* |
| **Sodium** 40 mg | 2%* |
| **Potassium** 85 mg | 2%* |
| **Total Carbohydrate** 0 g | 0%* |
| Dietary Fiber 0 g | 0%* |
| Sugars 0 g | |
| **Protein** 0 g | |

| | |
|---|---|
| Vitamin C 50%† | • Niacin 25%† |
| Vitamin B6 25%† | • Vitamin B12 25%† |
| Magnesium 2%† | |

*Percent Daily Values are based on a 2,000 calorie diet.
Not a significant source of vitamin A, calcium and iron.

**INGREDIENTS:** Carbonated water, citric acid anhydrous, natural flavors, caffeine anhydrous, sodium benzoate (preserves freshness), potassium citrate monohydrate, sucralose, L-Leucine, potassium phosphate dibasic, vitamin C (ascorbic acid), acesulfame potassium, potassium sorbate (preserves freshness), magnesium chloride, **SUPER CREATINE™** (Creatyl-L-Leucine [Creatine bonded to L-Leucine]), L-isoleucine, L-valine, calcium chloride, calcium disodium EDTA, vitamin B3 (niacinamide), CoQ10 (coenzyme Q10), vitamin B6 (pyridoxine hydrochloride), and vitamin B12 (methylcobalamin).

BEST BY DATE AT BOTTOM

**Warning:** Too much caffeine may cause nervousness, irritability, sleeplessness, and occasionally, rapid heartbeat. Not recommended for use by individuals under 18 years of age. One serving of BANG® provides 300 mg of caffeine which is more than two cups of coffee.

6 10764 86311 9

17.     The product description of VPX's product on Amazon makes very similar claims: "Power up with BANG's potent brain and body-rocking fuel" and "SUPER CREATINE & BCCA INFUSION[.]"[8]

18.     The Vitamin Shoppe product description labels BANG as an energy drink containing CoQ10 and Creatine and republishes BANG's label on its website.[9]

19.     VPX markets and sells BANG in a variety of quantities (i.e. pack of four, twelve, etc.) and flavors (Black Cherry Vanilla, Blue Razz, Champagne, Cherry Blade Lemonade, Citrus Twist, Cotton Candy, Lemon Drop, Bangster Berry, Frose Rose, Rainbow Unicorn, Peach Mango, Pina Colada, Power Punch, Purple Guava Pear, Purple Haze, Root Beer, Sour Heads, and Star Blast.  VPX also sells caffeine-free versions of Cotton Candy, Sour Heads, and Black Cherry Vanilla) that each make and repeat in **identical fashion** the same above claims of ingredients and potency on the containers, marketing literature and website.

20.     "Creatine is thought to improve strength, increase lean muscle mass, and help the muscles recover more quickly during exercise. This muscular boost may help athletes achieve bursts of speed and energy, especially during short bouts of high-intensity activities such as weight lifting or sprinting."[10]

---

[8] *See VPX Bang Variety Pack 3 RTD 12 per Case - 16 fl oz (1 PT) 473 ml by VPX*, AMAZON, https://www.amazon.com/VPX-Bang-Variety-Pack-Case/dp/B01MXLR4I4 (last visited May 22, 2019).

[9] *See Bang Energy Drink with CoQ10 & Creatine - Rainbow Unicorn (12 Drinks)*, THE VITAMIN SHOPPE, https://www.vitaminshoppe.com/p/bang-rainbow-unicorn-12-drinks/vz-2054 (last visited May 22, 2019).

[10] *An Overview of Creatine Supplements*, WEDMD, https://www.webmd.com/men/creatine#1 (last visited May 8, 2019).

21.     For an effective creatine dose, consumers should "[f]ollow the creatine loading technique for at least 3 days followed by ingestion of 3 to 5 grams a day thereafter to maintain creatine stores."[11]  Publicly available testing results completed on VPX's BANG Products has revealed BANG contains either no or very minimal amounts of creatine. For example, Monster Energy Co's testing reveals, *inter alia*, that BANG's creatine content is less than 0.04g.[12] Moreover, testing performed in a parallel action pending in the Northern District of California found that BANG does not contain any creatine.[13]

22.     "Coenzyme Q10 is an important vitamin-like substance required for the proper function of many organs and chemical reactions in the body. It helps provide energy to cells."[14]

23.     However, contrary to VPX's representation regarding "Ultra" CoQ10, "[t]aking coenzyme Q10 by mouth, alone or with other ingredients, does not improve athletic performance in athletes or non-athletes."[15]  Moreover, even if "Ultra" CoQ10 did improve performance, VPX's

---

[11] Jamie Bellavance & Thomas Macdonald, *Our Expert Answers the 12 Most-Pressing Questions about Creatine*, MEN'S HEALTH (Feb. 12, 2015), https://www.menshealth.com/fitness/a19535244/creatine-101/.

[12] *See Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, *et al.*, Case No. 5:18-cv-01882 (C.D. Calif., Apr. 3, 2019) (this specific reference can be found at Doc. 61 ¶ 54).

[13] *See Madison, et al. v. Vital Pharmaceuticals, Inc.*, Case No. 3:18-cv-06300 (N.D. Calif., Oct 15, 2018) (this specific reference can be found at Doc.1 ¶ 26).

[14] *COENZYME Q10*, WEDMD, https://www.webmd.com/vitamins/ai/ingredientmono-938/coenzyme-q10 (last visited May 8, 2019).

[15] *COENZYME Q10*, WEDMD, https://www.webmd.com/vitamins/ai/ingredientmono-938/coenzyme-q10 (last visited May 8, 2019).

Products do not contain it in sufficient amounts.  Publicly available testing performed in a parallel action shows that BANG does not contain CoQ10.[16]

24.     "Branched-chain amino acids are essential nutrients that the body obtains from proteins found in food, especially meat, dairy products, and legumes. They include leucine, isoleucine, and valine."[17]

25.     "Branched-chain amino acids . . . may be taken by athletes to improve athletic performance, prevent fatigue, improve concentration, and reduce muscle breakdown during intense exercise. But there is limited scientific research to support [this] . . .use[]."[18]

26.     "[R]esearch has shown that supplemental BCAAs (typically 10 to 20 grams per day) do not result in meaningful changes in body composition, nor do they improve exercise performance or enhance the effects of physical training."[19]

27.     Moreover, at best, VPX's Products contain BCAAs in minimal amounts that would not provide an effective dose.  For example, publicly available testing of BANG reveals the Products only contain 0.09 g of BCAAs.[20]

---

[16] *See Madison, et al. v. Vital Pharmaceuticals, Inc.*, Case No. 3:18-cv-06300 (N.D. Calif., Oct 15, 2018) (this specific reference can be found at Doc.1 ¶ 27).

[17]     BRANCHED-CHAIN     AMINO     ACIDS,     WEDMD, https://www.webmd.com/vitamins/ai/ingredientmono-1005/branched-chain-amino-acids     (last visited May 8, 2019).

[18] *Id.*

[19] *Branched-Chain Amino Acids for Sports & Fitness*, MICHIGAN MEDICINE: UNIVERSITY OF MICHIGAN,     https://www.uofmhealth.org/health-library/hn-3862003#hn-3862003-dosage-side-effects (last visited May 8, 2019).

[20] The testing of the plaintiffs in the Northern District of California case concluded that Bang energy drink contains only .09g of Leucine, which is a branched chain amino acid. *See Madison, et al. v. Vital Pharmaceuticals, Inc.*, Case No. 3:18-cv-06300 (N.D. Calif., Oct 15, 2018) (this

28.     At all times relevant hereto, BANG is sold throughout the country through retailers such as Vitamin Shoppe and through online sites such as Amazon. The product description for BANG on these retailer's websites included the same claims about ingredients and potency that VPX makes on the Products' labeling, its website and its marketing literature.[21] Contrary to these clear and identical product representations, BANG either does not contain "SUPER" Creatine, "ULTRA" CoQ10, or "POTENT" BCAAs, or contains these ingredients in insufficient amounts to provide the represented benefits.

29.     VPX's representations are intended to and do mislead consumers into believing they are purchasing Products with the claimed ingredients that will deliver the claimed benefits. Yet the drink does not contain the ingredients in amounts that meet VPX's marketing representations or that can possibly provide the represented and labeled benefits.

30.     VPX knows that consumers will pay more for sports and energy products that contain "SUPER" Creatine, "ULTRA" CoQ10, and "POTENT" BCAAs because consumers value and desire the listed ingredients. In fact, these same consumers are willing to pay a premium for such a high-quality product.

31.     Plaintiffs and Class members purchased and consumed BANG because they believed the misleading representations on VPX's Products' label, website, advertising, marketing literature and other retailers' websites (including Vitamin Shoppe and Amazon), that VPX's Products contained sufficient and "potent "doses of the ingredients listed on the Products' label.

---

specific reference can be found at Doc.1 ¶ 28).

[21] *See* https://www.amazon.com/VPX-Bang-Variety-Pack-Case/dp/B01MXLR4I4?th=1 (last visited Jan. 28, 2019); https://www.vitaminshoppe.com/p/bang-citrus-twist-12-drinks/vz-2040 (last visited Jan. 28, 2019).

32. The Products are misbranded because VPX mislabeled the Products as described herein.

33. VPX's false, deceptive and misleading statements violate the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(a)(1), which deems food (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular."

34. States have expressly adopted or incorporated a general prohibition against false and misleading food labeling (including nutritional supplements) or against the sale of adulterated food in their state Food, Drug, and Cosmetic Acts. These state statutes incorporate by reference relevant portions of the FDCA. *See, e.g.*, Arkansas's Food, Drug, and Cosmetic Act, Ark. Code. Ann. § 20-56-201, *et seq.*; California's Sherman Food, Drug, and Cosmetics Act, Cal. Health & Safety Code § 109875, *et seq.*; Florida's Food Safety Act, Fla. Stat. Ann. § 500.01, *et seq.*; Michigan's Food Law, Mich. Comp. Laws Ann. 289.1101, *et seq.*; Minnesota's Food Law, Minn. Stat. Ann. § 34A.01, *et seq.*; New York's Agriculture and Markets Law, N.Y. Agric. & Mkts. Law § 1, *et seq.*; New Hampshire's Purity and Branding of Foods and Drugs law, N.H. Rev. Stat. Ann. § 146:1, *et seq.*; Pennsylvania's Food Safety Act, 3 Pa. C.S.A. § 5721, *et seq.*; and Texas's Food, Drug, and Cosmetic Act, Tex. Health & Safety Code Ann. § 431.001, *et seq.*

35. VPX's false, deceptive and misleading statements violate the aforementioned states' Food, Drug, and Cosmetic Acts, which deem food (including nutritional supplements) misbranded when the label contains a statement that is false or misleading in any particular manner, or against the sale of adulterated food. As a result of VPX's false, deceptive, and misleading packaging and labeling, has caused consumers (such as Plaintiffs) to have been deceived when

purchasing VPX's Products, which specifically violates state laws governing unfair and deceptive trade practices.

36.     VPX has also handsomely profited and been unjustly enriched from its deceptive conduct and practices, collecting millions of dollars from BANG sales that it otherwise would not have received.  Plaintiffs and Class members paid money for a product that does not meet its representations, cannot provide its claimed benefits and, as a result, Plaintiffs did not receive the benefit of their bargain.  Relying on VPX's representations and omissions, Plaintiffs paid a premium for BANG when they could have purchased other, less expensive, sports and energy drinks. Consumers also lost the opportunity to purchase sports and energy drinks that do in fact contain these valuable and desired ingredients in sufficient doses.

37.     Plaintiff and Class members would not have purchased the Products, or would have paid substantially less, had they known the truth about the falsely represented and marketed Products. As such, Plaintiffs and Class members sustained harm which VPX proximately caused.

38.     VPX also creates, designs, implements, finances, approves, and monitors its deceptive advertising campaign from its corporate headquarters.  In addition, all sales revenue generated from VPX's sale of BANG on a national scale is ultimately directed, collected and retained in Florida and, more particularly, at VPX's headquarters in Weston, Florida.

## Plaintiffs

39.     At all relevant times, Plaintiff Tiffany Nguyen is a citizen of California and resides in Fountain Valley, California.  During the relevant time period, Plaintiff purchased VPX's BANG in reliance upon the omissions and representations on its website and labels regarding the ingredients claimed to be in the Products and the purported benefits that the ingredients would provide from consuming the Products.  Specifically, in January of 2018, Plaintiff started

purchasing BANG at least two to three times per month at retailers within California, including GNC, Vitamin Shoppe and local convenience stores.  Specifically, her flavors of choice that she consistently purchased include Peach Mango and Purple Guava Pear.  Plaintiff purchased BANG and specifically paid a premium because of the allegations VPX made regarding ingredients that enhance exercise performance and muscle recovery.  Plaintiff has since learned that BANG does not contain the marketed and labeled ingredients, or that the amounts are so *de minimis* and cannot provide the purported benefits from consuming the Products.  Plaintiff relied on VPX's misrepresentations and omissions in making her purchases and would not have purchased, or would have paid substantially less, or purchased an alternative product, had she known that VPX's representations on its website and BANG labeling were false and misleading.  Based on VPX's misrepresentations, omissions and deceptive conduct, Plaintiff purchased a sports and energy drink that had less value than what she paid, and she has accordingly suffered legally cognizable damages proximately caused by VPX's misconduct.

40.    At all relevant times, Plaintiff William Muscara is a citizen of Pennsylvania and resides in Lansdale, Pennsylvania.  During the relevant time period, Plaintiff purchased VPX's BANG in reliance upon the omissions and representations on its webpage and its labels regarding the ingredients claimed to be in the Products and the purported benefits that the ingredients would provide from consuming the Products.  Specifically, in August of 2017, Plaintiff started purchasing BANG at least once per week at retailers within Pennsylvania including GNC and local convenience stores.  Specifically, his flavors of choice that he consistently purchased included Black Cherry Vanilla, Citrus Twist, Power Punch, Purple Guava Pear, and Purple Haze.  Plaintiff purchased BANG and paid a premium because of the allegations VPX made regarding ingredients that enhance exercise performance and muscle recovery.  Plaintiff has since learned that BANG

does not contain the marketed and labeled ingredients, or that the amounts are de minimis and cannot provide the purported benefits from consuming the Products.  Plaintiff relied on VPX's misrepresentations and omissions in making his purchases and would not have purchased BANG or would have only been willing to pay a substantially reduced price for BANG, had he known that VPX's representations were false and misleading.  Based on VPX's misrepresentations, omissions and deceptive conduct, Plaintiff purchased a sports and energy drink that had less value than what he paid, and he has accordingly suffered legally cognizable damages proximately caused by VPX's misconduct.

41.     Plaintiffs purchased BANG in reliance upon VPX's omissions and representations regarding its ingredients, including that the Creatine is "SUPER," the CoQ10 is "ULTRA," and the BCAAs are "POTENT."  The purported benefits from these ingredients is the reason Plaintiffs were willing to pay a premium for BANG.  Absent VPX's misrepresentations and omissions, Plaintiffs would not have purchased, paid substantially less, or purchased alternative products.

## **CLASS ALLEGATIONS**

42.     Plaintiff brings this action against VPX pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other persons similarly situated.

43.     Plaintiffs seeks certification of a nationwide Class under Florida law, defined as follows:

> All persons who purchased BANG products purporting to contain "SUPER Creatine," "Ultra CoQ10," and Branched Chain Amino Acids  for offsite, personal, family, or household purposes in the United States ("Nationwide Class").

44.     Plaintiffs also seek certification of a California Class under California law, defined as follows:

> All persons who purchased BANG products purporting to contain "SUPER Creatine," "Ultra CoQ10," and Branched Chain Amino Acids in California for offsite, personal, family, or household purposes ("California Class").

45.     Plaintiffs also seek certification of a Pennsylvania Class under Pennsylvania law, defined as follows:

> All persons who purchased BANG products purporting to contain "SUPER Creatine," "Ultra CoQ10," and Branched Chain Amino Acids in Pennsylvania for offsite, personal, family, or household purposes ("Pennsylvania Class").

46.     VPX subjected Plaintiffs and the respective Class members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner.  As a result of Plaintiffs' purchases, VPX was also unjustly enriched in the same manner.

### A.     Numerosity

47.     The proposed Classes are so numerous that joinder of all members would be impracticable.  VPX sells and distributes BANG throughout California, Florida, Pennsylvania and across this nation, at numerous retail locations and ecommerce websites within the United States.  Although the number of Class members is not presently known, it is likely to be comprised of many hundreds of thousands of consumers.  The Classes are certainly so numerous that joinder of all members of the Classes is impracticable.

### B.     Commonality

48.     As outlined below, there are questions of law and fact that are common to all Plaintiffs and Class members' claims.  These common questions predominate over any questions that go particularly to any individual member of the Classes.  Common questions of fact and law exist because, *inter alia*, Plaintiff and all Class members purchased BANG, consistent with its marketing and labeling as containing "SUPER" Creatine, "ULTRA" CoQ10, and "Potent"

BCAAs.  Plaintiffs and class members all paid a premium for these ingredients.  In addition, all of VPX's packaging and labeling for BANG is uniform throughout California, Florida, Pennsylvania and the United States.

49.     The common questions include, but are not limited to:

a.      Whether VPX falsely, deceptively and misleadingly misrepresented BANG as containing desired and valuable ingredients that it in fact did not contain, or contained insufficient doses to provide the represented, purported and promised benefits;

b.      Whether VPX's misrepresentations and omissions are likely to deceive a reasonable consumer;

c.      Whether BANG, when used by consumers in a normal and customary manner and as suggested by VPX works as advertised, marketed and represented to consumers;

d.      Whether the representations and claims VPX made and is still making regarding BANG are unfair, deceptive and misleading to consumers;

e.      Whether BANG contained the ingredients stated on the Products' labeling and in doses that were "POTENT" to provide the purported benefits;

f.      Whether VPX knew that the consumers purchasing the Products would not receive the promised and represented benefits of the Products;

g.      Whether VPX knowingly made false, misleading statements and omitted material information in connection with a consumer sale, and reasonable consumers were likely to rely upon these statements and omissions to their detriment in making a purchase;

h.      Whether VPX knew or should have known that its representations, marketing statements, and advertisements regarding its Products' ingredients and the purported benefits they provide, were unsubstantiated, false, and misleading;

i.      Whether VPX has breached express and implied warranties in the sale and marketing of its Products;

j.      Whether VPX placed misbranded and adulterated Products into the steam of commerce , which Plaintiffs subsequently purchased in violation of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(a)(1), and state Food, Drug and Cosmetic Acts including those in California, Florida and Pennsylvania;

k.    Whether VPX's acts and omissions violated consumer fraud and unfair trade practice statutes;

l.    Whether and to what extent VPX has been unjustly enriched by its conduct;

m.    Whether Plaintiffs and members of the Class did not receive the benefit of their bargain;

n.    Whether Plaintiffs and members of the Classes were damaged by VPX's misconduct;

o.    Whether Plaintiffs and members of the Classes are entitled to damages;

p.    Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages plus interest thereon and monetary restitution;

q.    Whether VPX must disgorge any sums it has made as a result of its misconduct;

r.    Whether VPX's conduct rises to the level of willfulness so as to justify punitive damages; and

s.    Whether an injunction is appropriate to prevent VPX from continuing to engage in unfair, deceptive and unlawful activity.

## C.    Typicality

50.    Plaintiffs' claims are typical of the claims of the members of the Classes because they purchased and consumed BANG, which was deliberately misrepresented as having valuable ingredients that it did not in fact possess and as such could not provide the purported and promised benefits.  Thus, Plaintiff and all Class members sustained the same injury arising out of VPX's common course of conduct, which violates the respective laws complained of herein.  The injury of each Class member was caused directly by VPX's uniform wrongful conduct in violation of law as alleged herein.  Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiffs as a result of VPX's wrongful conduct.

## D.    Adequacy of Representation

51.    Plaintiffs will fairly and adequately protect the interest of the members of the Classes.  Plaintiffs have retained competent and experienced class action attorneys to represent

their interests and those of the Classes.  Plaintiffs' counsel has the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiffs have no adverse or antagonistic interests to those of the Classes.  Plaintiffs are willing and prepared to serve the Court and the Class members in a representative capacity, with all of the obligations and duties material thereto, and determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

52.     To prosecute this case, Plaintiffs have chosen the undersigned law firms, which are very experienced in class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### E.      Requirements of Fed. R. Civ. P. 23(b)(3)

53.     This action is appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

54.     *Common Questions of Law and Fact Predominate:*  The aforementioned questions of law or fact common to Plaintiffs and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class.

### F.      Superiority

55.     A Class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    a.     Joinder of all Class members would create extreme hardship and inconvenience for the affected customers as they reside all across the United States;

    b.     Individual claims by Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake.  As a result, individual Class members have no interest in prosecuting and controlling separate actions;

c.      There are no known individual Class members who are interested in individually controlling the prosecution of separate actions;

d.      The interests of justice will be well served by resolving the common disputes of potential Class members in one forum;

e.      Individual suits would not be cost effective or economically maintainable as individual actions; and

f.      The action is manageable as a Class action.

56.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of these class actions that would preclude their maintenance as class actions.

### G.    Requirements of Fed. R. Civ. P. 23(b)(1) & (2)

57.    Prosecuting separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

58.    VPX has acted or failed to act in a manner generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

59.    VPX's wrongful conduct and practices, if not enjoined, will subject Class members and other members of the public to substantial continuing harm and will cause irreparable injuries to Class members and members of the public.

### COUNT I

### UNJUST ENRICHMENT
#### (All Classes)

60.    Plaintiffs hereby sue VPX and re-allege and incorporate paragraphs 1 through 59 above as if fully set forth herein, and further allege as follows:

61.     VPX received from Plaintiffs and Class members benefits in the form of money and inflated profits related to VPX's omissions and misrepresentations regarding BANG containing valuable and desired ingredients which would provide the purported benefits, when in fact BANG lacked those ingredients or contained those ingredients in de minimis amounts, which are so low to be ineffective or not capable of delivering the claimed benefits.

62.     VPX acted to mislead consumers into believing that BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when in fact it did not, or the Products lacked significant enough amounts to provide a sufficient dose to deliver the represented benefits.

63.     VPX received financial benefits in the form of inflated sales and increased profits from its misleading and deceptive conduct.  VPX received these unjust profits when Plaintiffs' purchased BANG based on the deception that the Product contained valuable and desired ingredients and would provide a sufficient dose of these ingredients to produce the represented benefits.  As a result, Plaintiffs and the Classes have conferred an unjust benefit on VPX.

64.     VPX had knowledge of this benefit and voluntarily accepted and retained the benefits conferred on them.

65.     VPX will be unjustly enriched if allowed to retain the aforementioned benefits, and each Class member is entitled to recover the amount by which VPX was unjustly enriched at his or her expense.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Class members, demand an award against VPX in the amounts by which VPX has been unjustly enriched at Plaintiffs' and the Class members' expense, and such other relief as this Court deems just and proper.

## COUNT II

## BREACH OF EXPRESS WARRANTY (UCC § 2-313)
### (All Classes)

66.     Plaintiffs hereby sue VPX and re-allege and incorporate paragraphs 1 through 59 above as if fully set forth herein, and further allege as follows:

67.     UCC § 2-313 states that an express warranty is created by:

a.   Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

b.   Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

c.   Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

68.     UCC § 2-313 has been adopted in:

a.   Florida, Fla. Stat. Ann. § 672.313;

b.   California, Cal. Com. Code § 2313; and

c.   Pennsylvania, 13 Pa.C.S. § 2313.

69.     As set forth above, Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of VPX's actions

70.     VPX has misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand and deceptively did not include these valuable and desired ingredients it represented to be within its Products.

71.     VPX breached these express warranties because BANG does not provide the ingredients or benefits from sufficient doses of these ingredients that it advertises on its website, marketing literature, and the Products' labels.

72.     VPX's intended beneficiaries of these express warranties were ultimately Plaintiffs and Classes, not distributors who sold VPX's Products.  VPX's warranties provided on the labels of the Products are in no way designed to apply to the distributors that purchase VPX's Products in bulk and then sell them on an individual basis to each consumer.  Rather, individual consumers are the ones who ultimately review the cans with the labels, which VPX knows, prior to making any purchasing decisions. As a result, these express warranties are specifically designed to benefit the individual consumer who purchases the Products.

73.     Plaintiffs and the Classes sustained damages as a direct and proximate result of VPX's breach in that they spent money on a premium-priced product (BANG) that they would not have otherwise spent.  These same consumers did not receive the value of the products they paid for because BANG is worth far less than advertised because of its misbranding.

74.     Plaintiff and the Classes have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

75.     Accordingly, Plaintiffs are entitled to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

**WHEREFORE,** Plaintiffs, on behalf of themselves and all similarly situated Class members, demand judgment against VPX for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT III

## BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY (UCC § 2-314)
## (All Classes)

76.     Plaintiffs hereby sue VPX and re-allege and incorporate paragraphs 1 through 59 above as if fully set forth herein, and further allege as follows:

77.     UCC § 2-314 states that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."

78.     UCC § 2-314 has been adopted in:

    a.   Florida, Fla. Stat. Ann. § 672.314;

    b.   California, Cal. Com. Code § 2314;

    c.   Pennsylvania, 13 Pa. C.S. § 2314.

79.     As set forth above, Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of VPX's actions.

80.     VPX is a "merchant" within the meaning of UCC § 2-104 because VPX deals in the sale of BANG and holds itself out as "having knowledge or skill peculiar to" energy drinks such as BANG as well as the ingredients advertised such as Creatine, BCAAs, and CoQ10.

81.     VPX has misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented to be within its Products.

82.     To be merchantable, a good must "[p]ass without objection in the trade under the contract description," be "fit for the ordinary purposes for which such goods are used," be

"adequately contained, packaged, and labeled as the agreement may require," and "[c]onform to the promises or affirmations of fact made on the container or label if any." UCC § 2-314.

83.     VPX breached the implied warranty of merchantability because BANG does not provide the ingredients or effects VPX advertises it as providing, and BANG does not conform to the ingredient specifications on its label and packaging.

84.     VPX's intended beneficiaries of these implied warranties were ultimately Plaintiffs and Classes, not distributors who sold VPX's Products.  Moreover, VPX exercises substantial control over which outlets can carry and sell is Products, which are the same places that Plaintiffs purchased them.  In addition, VPX's warranties provided on the labels of the Products are in no way designed to apply to the distributors that purchase VPX's Products in bulk and then sell them on an individual basis to each consumer.  Individual consumers are the ones who ultimately review the cans with the labels, which VPX knows, prior to making any purchasing decisions. As a result, these warranties are specifically designed to benefit the individual consumer who purchases the Products. .

85.     Plaintiffs and the Classes sustained damages as a direct and proximate result of VPX's breach in that Plaintiffs paid a premium for Products that they would not have otherwise spent.  Plaintiffs also did not receive the value of the Product they paid for—BANG is worthless or worth far less than VPX represents due to its misbranding.

86.     Plaintiff and the Classes have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

87.     Accordingly, Plaintiffs are entitled to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly situated Class members, demand judgment against VPX for compensatory damages, pre- and post-judgment interest, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT IV

## DECLARATORY JUDGMENT PURSUANT TO
## THE DECLARATORY JUDGMENT ACT
### (All Classes)

88.     Plaintiffs hereby sue VPX and re-allege and incorporate paragraphs 1 through 59 above as if fully set forth herein, and further allege as follows:

89.      The Declaratory Judgment Act, 28 U.S.C. § 2201, empowers the courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

90.     Plaintiffs present an "actual controversy" within the meaning of 28 U.S.C. § 2201 and have standing to pursue this claim as they have suffered an injury in fact and have lost money or property as a result of VPX's actions as set forth above.

91.     VPX misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG Products.

92.     Plaintiffs and the Classes sustained damages as a direct and proximate result of VPX's breach in that they spent money on a premium-priced product (BANG) that they would not have otherwise spent and did not receive the value they paid for due to VPX's misbranding (BANG is considered worthless or worth substantially less because of VPX's misrepresentations).

93.     Accordingly, Plaintiffs are entitled to declaratory judgment stating the parties' rights and that VPX's conduct is unlawful.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Class members, demand declaratory judgment stating the parties' rights and that VPX's conduct is unlawful, and such other relief as this Court deems just and proper.

<u>**COUNT V**</u>

<u>**VIOLATION OF THE FLORIDA**</u>
<u>**DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**</u>
<u>**(Nationwide Class)**</u>

94.     Plaintiffs hereby sue VPX and re-allege and incorporate paragraphs 1 through 59 above as if fully set forth herein, and further allege as follows:

95.     FDUTPA, § 501.201, *et seq.*, Fla. Stat., prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

96.     Plaintiffs and the Nationwide Class are "consumers" as that term is defined in § 501.203(7), Fla. Stat.

97.     Plaintiffs have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of VPX's actions as set forth above.

98.     VPX has engaged in, and continues to engage in, "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices" in the conduct of its trade and commerce in the State of Florida.  VPX designs, manufactures, markets, and distributes, BANG products from its headquarters in Florida.   Because VPX is based in Florida and indeed in this district, the application of Florida law to its unlawful conduct on behalf of a Nationwide Class is appropriate and lawful.

99.     VPX's business practices, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to customers.  Additionally, VPX's conduct is unfair because its conduct violates the legislatively declared policies of the FDUTPA.  VPX misled consumers into believing that BANG contained valuable and desired ingredients, when in fact it does not.  VPX concealed this fact from consumers.

100.    Furthermore, VPX's business practices, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiffs and members of the Nationwide Class.

101.    The policies, acts, and practices alleged herein were intended to result and did result in the payment of inflated prices for the purchase of BANG by Plaintiffs and the Nationwide Class, which in turn were intended to generate unlawful or unfair compensation for VPX.

102.    Specifically, VPX misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiffs' trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within BANG.

103.    VPX's conduct of misrepresenting, mislabeling and misbranding BANG to Plaintiffs and consumers misled Plaintiffs into believing that BANG contained these valuable and desired ingredients, and Plaintiff relied on these misrepresentations.  VPX's actions violate FDUTPA, and were conceived, devised, planned, implemented, approved, and executed within the State of Florida, which has an interest in prohibiting violations of FDUTPA.

104.    In addition, the practices employed by VPX, whereby VPX sold, promoted and marketed that BANG contained ingredients that it in fact lacked constitutes a *per se* violation of

FDUTPA under § 501.203(3)(c), Fla. Stat., because it is in violation of the Florida Food Safety Act, § 500.04 (1) & (2), Fla. Stat., in that said products are misbranded.

105.    VPX's false, unlawful, and misleading product descriptions render its Products misbranded under Florida law.  Specifically, § 500.04, Fla. Stat., of the Florida Food Safety Act prohibits the manufacture, sale or delivery of "misbranded food."  Food is "misbranded" when "its labeling is false or misleading in any particular."  § 500.11(1)(a) & (b), Fla. Stat.  A food is considered mislabeled unless the proper disclosures are made "on the outside container or wrapper" of the product.  § 500.03(1)(t), Fla. Stat.  Misbranded products cannot be legally sold and are legally worthless.

106.    Plaintiffs and the Nationwide Class sustained damages as a direct and proximate result of VPX's unfair and unconscionable practices.  § 501.211(2), Fla. Stat., provides Plaintiff and the Nationwide Class a private right of action against VPX, a Florida corporation, and entitles them to recover their actual damages plus attorneys' fees and costs.  Plaintiffs are specifically entitled to an award of attorneys' fees and costs pursuant to §  501.2105, Fla. Stat.

107.    As a result of VPX's unfair conduct and deception, Plaintiff and members of the Nationwide Class relied on VPX's misrepresentations and have been damaged in that they spent money on premium-priced BANG that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless due to VPX's misbranding.

108.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and in a fashion that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to its customers.  Plaintiffs and the Nationwide Class have been damaged by VPX's deceptive and

unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had VPX not misrepresented the Products.

109.    Plaintiff and the Classes have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiffs, on behalf of themselves and the Nationwide Class, demand judgment against VPX for compensatory damages, pre- and post-judgment interest, attorneys' fees and costs pursuant to § 501.2105, Fla. Stat, injunctive and declaratory relief, and any other relief as this Court deems just and proper.

<u>COUNT VI</u>

<u>VIOLATION OF THE CALIFORNIA<br>CONSUMER LEGAL REMEDIES ACT (CLRA)<br>(California Class)</u>

110.    Plaintiff Nguyen hereby sues VPX and re-alleges and incorporates paragraphs 1 through 59 above as if fully set forth herein, and further alleges as follows:

111.    CLRA, § 1750, *et seq.*, Cal. Civ. Code, prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." § 1770, Cal. Civ. Code.

112.    Plaintiff Nguyen and the California Class are "consumers" as that term is defined in § 1761(d), Cal. Civ. Code.

113.    Plaintiff Nguyen has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of VPX's actions as set forth above.

114.   VPX has engaged in, and continues to engage in, "unfair methods of competition and unfair or deceptive acts or practices" in the conduct of its trade and commerce in the State of California.  Because VPX has purposefully availed itself of the privilege of conducting business in California, the application of California law to its unlawful conduct on behalf of the California Class is appropriate and lawful.

115.   VPX's business practices, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers.   Additionally, VPX's conduct is unfair because it violates the legislatively declared policies of the CLRA.   VPX misled consumers into believing that BANG contains valuable and desired ingredients, when in fact it does not.   VPX concealed this fact from consumers.

116.   Furthermore, VPX's business practices, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiff Nguyen and members of the California Class.

117.   The policies, acts, and practices alleged herein were intended to result and did result in the payment of inflated prices for the purchase of BANG by Plaintiff Nguyen and the California Class, which in turn were intended to generate unlawful or unfair compensation for VPX.

118.   Specifically, VPX misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.   VPX took advantage of Plaintiff Nguyen's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within BANG.

119.   VPX's conduct of misrepresenting and mislabeling BANG to Plaintiff Nguyen and consumers misled Plaintiff Nguyen into believing that BANG contained these valuable and desired

ingredients, and Plaintiff Nguyen relied on these misrepresentations. VPX's actions violate CLRA, and VPX promoted, distributed, and sold BANG within the State of California, which has an interest in prohibiting violations of CLRA.

120. The practices employed by VPX, whereby VPX sold, promoted and marketed that BANG contains ingredients that it in fact lacks constitute violations of CLRA under:

a. § 1770(a)(5), Cal. Civ. Code.: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have."

b. § 1770(a)(7), Cal. Civ. Code.: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

c. § 1770(a)(9), Cal. Civ. Code.: "Advertising goods or services with intent not to sell them as advertised."

d. § 1770(a)(16), Cal. Civ. Code.: "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

121. Plaintiff Nguyen and the California Class sustained damages as a direct and proximate result of VPX's unfair and unconscionable practices. §§ 1780(a) & 1781(a), Cal. Civ. Code, provide Plaintiff Nguyen and the California Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs pursuant to § 1780(e) Cal. Civ. Code, and any other relief that the Court deems just and equitable.

122. As a result of VPX's unfair conduct and deception, Plaintiff and members of the California Class relied on VPX's misrepresentations and have been damaged in that they spent

money on a premium-priced product (BANG) that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless or worth substantially less due to VPX's misbranding.

123.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and in a fashion that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to its customers.  Plaintiff Nguyen and the California Class have been damaged by VPX's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had VPX not misrepresented their Products.

124.    Plaintiff Nguyen and the California Class have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

125.    VPX was put on notice of the violations of law pled above in several ways including but not necessarily limited to prior customer complaints, and a letter pursuant to Cal. Civ. Code § 1782(a) & (d) sent by counsel for Plaintiffs to VPX on or around January 29, 2019, which appraised them generally of acts and omissions pled herein.  As of the filing of the Amended Complaint, VPX has failed to cure its breach.

**WHEREFORE,** Plaintiff Nguyen, on behalf of herself and the California Class, demands judgment against VPX for attorneys' fees and costs pursuant to § 1780(e) Cal. Civ. Code, compensatory and punitive damages, injunctive and declaratory relief, and any other relief as this Court deems just and proper.

## COUNT VII

## VIOLATION OF THE CALIFORNIA
## UNFAIR COMPETITION LAW (UCL)
### (California Class)

126.    Plaintiff Nguyen hereby sues VPX re-alleges and incorporates paragraphs 1 through 59 above as if fully set forth herein, and further alleges as follows:

127.    UCL, § 17200, *et seq.*, Cal. Bus. & Prof. Code, prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."   § 17200, Cal. Bus. & Prof. Code.

128.    Plaintiff Nguyen has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of VPX's actions as set forth above.

129.    VPX has engaged in, and continues to engage in, "unlawful, unfair or fraudulent business act(s) or practice(s) and unfair, deceptive, untrue or misleading advertising" in the conduct of its trade and commerce in the State of California.  Because VPX has purposefully availed itself of the privilege of conducting business in California, the application of California law to its unlawful conduct on behalf of the California Class is appropriate and lawful.

130.    VPX's business practices and advertising, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers.  VPX violated the legislatively declared policy of CLRA when it used deceptive labels to mislead consumers into purchasing its goods.  VPX violated the legislatively declared policy of California's False Advertising Law when it used misleading advertising it knew or should have known was false to induce purchases by consumers. VPX's conduct is also unfair because it violated the legislatively declared policies of the UCL.  VPX specifically misled

consumers into believing that BANG contained valuable and desired ingredients, when in fact it does not.  VPX concealed this fact from consumers.

131.    Furthermore, VPX's business practices and advertising, as alleged herein, are "fraudulent, . . . deceptive, untrue or misleading" because they are likely to deceive consumers, including Plaintiff Nguyen and members of the California Class.

132.    Specifically, VPX misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiff's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

133.    VPX's conduct of misrepresenting and mislabeling BANG to Plaintiff Nguyen and consumers misled Plaintiff Nguyen into believing that BANG contained these valuable and desired ingredients, and Plaintiff Nguyen relied on these misrepresentations.  VPX's actions violate  the UCL, and VPX promoted, distributed, and sold BANG within the State of California, which has an interest in prohibiting violations of the UCL.

134.    In particular, the practices employed by VPX, whereby VPX sold, promoted and marketed that its BANG product contained ingredients that it in fact lacked were unlawful, and therefore constitute a violation of the UCL, under:

      a.    California False Advertising Law, § 17500, Cal. Bus. & Prof. Code, which prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to

sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

    b.   California Consumer Legal Remedies Act, § 1750, *et seq.*, Cal. Civ. Code, which prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." § 1770, Cal. Civ. Code.

    c.   Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, which prohibits "[t]he adulteration or misbranding of any food, drug, device, tobacco product, or cosmetic in interstate commerce." 21 U.S.C. § 331.

135.    Plaintiff Nguyen and the California Class sustained damages as a direct and proximate result of VPX's unfair and unconscionable practices. § 17070, Cal. Bus. & Prof. Code, provides Plaintiff and the California Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

136.    As a result of VPX's unfair conduct and deception, Plaintiff Nguyen and members of the California Class relied on VPX's misrepresentations and have been damaged in that they spent money on a premium-priced BANG product that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless or worth substantially less due to VPX's misbranding.

137.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and in a fashion that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to its customers. Plaintiff Nguyen and the California Class have been damaged by VPX's

deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had VPX not misrepresented the product.

138.    Plaintiff Nguyen and the California Class have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Nguyen, on behalf of herself and the California Class, demands judgment against VPX for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to UCL, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT VIII

### VIOLATION OF THE CALIFORNIA
### FALSE ADVERTISING LAW (FAL)
#### (California Class)

139.    Plaintiff Nguyen hereby sues VPX re-alleges and incorporates paragraphs 1 through 59 above as if fully set forth herein, and further alleges as follows:

140.    FAL, § 17500, Cal. Bus. & Prof. Code, prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

141.    Plaintiff Nguyen has standing to pursue this claim as she has suffered injury in fact and has lost money or property as a result of VPX's actions as set forth above.

142.     VPX has engaged in, and continues to engage in, advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading," in the conduct of its trade and commerce in the State of California. Because VPX has purposefully availed itself of the privilege of conducting business in California, the application of California law to its unlawful conduct on behalf of the California Class is appropriate and lawful.

143.     Furthermore, VPX's business practices and advertising, as alleged herein, are "untrue or misleading" because they are likely to deceive consumers, including Plaintiff Nguyen and members of the California Class.

144.     Specifically, VPX misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiff Nguyen's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within its BANG product.

145.     VPX knew or should have known through exercise of reasonable care that advertising for BANG was "untrue or misleading" because BANG did not include the valuable and desired ingredients in its formula, which VPX developed and manufactured, and even though VPX affirmatively states that BANG does include these ingredients.

146.     VPX's conduct of misrepresenting and mislabeling BANG misled Plaintiff Nguyen into believing that BANG contained these valuable and desired ingredients, and Plaintiff Nguyen relied on these misrepresentations.  VPX's actions violate the FAL, and VPX promoted, distributed, and sold BANG within the State of California, which has an interest in prohibiting violations of the FAL.

147.    Plaintiff Nguyen and the California Class sustained damages as a direct and proximate result of VPX's unfair and unconscionable practices.  § 17535, Cal. Bus. & Prof. Code, provides Plaintiff Nguyen and the California Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

148.    As a result of VPX's unfair conduct and deception, Plaintiff Nguyen and members of the California Class relied on VPX's misrepresentations and have been damaged in that they spent money on a premium-priced product (BANG) that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless or worth substantially less due to VPX's misbranding.

149.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and in a fashion that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to its customers.  Plaintiff Nguyen and the California Class have been damaged by VPX's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had VPX not misrepresented the product.

150.    Plaintiff Nguyen and the California Class have sustained, are sustaining, and will continue to sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Nguyen, on behalf of herself and the California Class, demand judgment against VPX for compensatory damages, pre- and post-judgment interest, attorneys' fees pursuant to the FAL, injunctive and declaratory relief, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT IX

## VIOLATION OF THE PENNSYLVANIA
## UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION LAW (UTPCPL)
## (Pennsylvania Class)

151.    Plaintiff Muscara hereby sues VPX and re-alleges and incorporates paragraphs 1 through 59 above as if fully set forth herein, and further alleges as follows:

152.    UTPCPL, 73 Pa. Stat. § 201-1, *et seq*., prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  73 Pa. Stat. § 201-3.

153.    Plaintiff Muscara has standing to pursue this claim as he has suffered injury in fact and has lost money or property as a result of VPX's actions as set forth above.

154.    VPX has engaged in, and continues to engage in, "[u]nfair methods of competition and unfair or deceptive acts or practices" in the conduct of its trade and commerce in the Commonwealth of Pennsylvania.  Because VPX has purposefully availed itself of the privilege of conducting business in Pennsylvania, the application of Pennsylvania law to its unlawful conduct on behalf of the Pennsylvania Class is appropriate and lawful.

155.    VPX's business practices and advertising, as alleged herein, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to their customers.  Additionally, VPX's conduct is unfair because that conduct violated the legislatively declared policies of the UTPCPL.  VPX misled consumers into believing that BANG contained valuable and desired ingredients, when in fact it does not.  VPX concealed this fact from consumers.

156.    Furthermore, VPX's business practices and advertising, as alleged herein, are "deceptive" because they are likely to deceive consumers, including Plaintiff Muscara and members of the Pennsylvania Class.

157.    Specifically, VPX misled consumers into believing BANG contained "SUPER" Creatine, "POTENT" BCAAs, and "ULTRA" CoQ10, when it in fact does not.  VPX took advantage of Plaintiff Muscara's trust and confidence in its BANG brand, and deceptively did not include the valuable and desired ingredients represented by VPX to be within BANG.

158.    VPX's conduct of misrepresenting and mislabeling BANG to Plaintiff and consumers misled Plaintiff Muscara into believing that BANG contained these valuable and desired ingredients, and Plaintiff Muscara relied on these misrepresentations.  VPX's actions violate UTPCPL, and VPX promoted, distributed, and sold BANG within the Commonwealth of Pennsylvania, which has an interest in prohibiting violations of UTPCPL.

159.    In particular, the practices employed by VPX, whereby VPX sold, promoted and marketed that BANG contained ingredients that it in fact lacked were unlawful, and therefore constitute a violation of the UTPCPL, under 73 Pa. Stat. § 201-2(4):

    a.  Subclause (v): "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have."

    b.  Subclause (vii): "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another."

c. Subclause (ix): "Advertising goods or services with intent not to sell them as advertised."

d. Subclause (xiv): "Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made."

e. Subclause (xxi): "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

160.    Plaintiff Muscara and the Pennsylvania Class sustained damages as a direct and proximate result of VPX's unfair and unconscionable practices.  73 Pa. Stat. § 201-9.2 provides Plaintiff Muscara and the Pennsylvania Class a private right of action against VPX, a Florida corporation, and entitles them to injunctive relief, attorneys' fees and costs, and any other relief that the Court deems just and equitable.

161.    As a result of VPX's unfair conduct and deception, Plaintiff Muscara and members of the Pennsylvania Class relied on VPX's misrepresentations and have been damaged in that they spent money on a premium-priced product (BANG) that they would not have otherwise spent and did not receive the value for—a product that is indeed considered worthless or worth substantially less due to VPX's misbranding.

162.    VPX's wrongful business practices alleged herein constitute a continuing course of unfair competition because VPX marketed and sold BANG in a manner that offends public policy and in a fashion that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to its customers.  Plaintiff Muscara and the Pennsylvania Class have been damaged by VPX's deceptive and unfair conduct in that they purchased a misbranded and worthless product or paid prices they otherwise would not have paid had VPX not misrepresented the product.

163.    Plaintiff Muscara and the Pennsylvania Class have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Muscara, on behalf of himself and the Pennsylvania Class, demands judgment against VPX for compensatory damages, pre- and post-judgment interest, attorneys' fees a and costs pursuant to 73 Pa. Stat. § 201-9.2, injunctive and declaratory relief, and any other relief as this Court deems just and proper.

<u>**COUNT X**</u>
<u>**NEGLIGENT MISREPRESENTATION**</u>
<u>**(Pennsylvania Class)**</u>

164.    Plaintiff Muscara hereby sues VPX  and re-alleges and incorporates paragraphs 1 through 59 above as if fully set forth herein, and further alleges as follows:

165.    Independent of any contractual relationship between the parties, VPX had a duty to fairly and accurately disclose and represent its Products on its labels, website, advertising, and marketing literature. However, likely aware of how consumers make purchasing decisions in this industry, VPX used these misrepresentations regarding its Products' quality to command a premium price from consumers.

166.    During the Class Period, VPX specifically negligently represented, omitted, and concealed from consumers material facts relating to the ingredients of the Products, including, *inter alia*, that the Products did not contain Creatine, CoQ10, or BCAAs at all on in the amounts VPX represented.

167.    VPX made such false and misleading statements and omissions on their website, the Products' labeling, literature, and advertisements, with VPX intending to induce Plaintiffs and Class members to purchase the Products.

168.   VPX was careless in putting such statements on its Products' labels, advertising, literature, and website without specifically ascertaining the truth of the representations. For example, VPX should not claim on their label that the ingredients used in their Products are Super or Ultra when they contain none of these ingredients at all or in such trace amounts that these representations could never have been true.

169.   Plaintiffs and the Class members were unaware of the falsity of VPX's misrepresentations and omissions and justifiably relied on them in deciding to purchase the Products.  Had Plaintiffs and Class members been made aware that Products did not conform to the representations made on BANG's label, literature, advertisements, or on VPX's website, and that BANG did not provide the promised benefits regarding the ingredients contained, Plaintiffs would not have paid a premium price for the Products.  Instead, Plaintiffs would have paid substantially less, or purchased different Products that they deemed to be a better value.

170.   As a direct and proximate result of these misrepresentations and omissions of material facts by VPX, Plaintiff Muscara and the Pennsylvania Class have sustained, are sustaining, and will sustain damages, as well as related damages alleged herein if VPX continues to engage in such deceptive, unfair, and unreasonable practices.

**WHEREFORE,** Plaintiff Muscara, on behalf of himself and the Pennsylvania Class, demands judgment against VPX for damages and losses as alleged herein in an amount to be determined at trial. Plaintiffs also request that this Court provide any available injunctive relief it finds appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated individuals, demands judgment against VPX as follows:

(1)    Declaring this action to be a proper Class action maintainable pursuant to Rule 23(a) and Rule 23(b)(1) & (2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiff and counsel to be representatives of the Classes;

(2)    Enjoining VPX from continuing the acts and practices described above;

(3)    Awarding damages sustained by Plaintiffs and the Classes as a result of the VPX's conduct, together with pre-judgment interest;

(4)    Finding that VPX has been unjustly enriched and requiring it to refund all unjust benefits to Plaintiffs and the Classes, together with pre-judgment interest;

(5)    Awarding Plaintiffs and the Classes costs and disbursements and reasonable allowances for the fees of Plaintiffs and the Classes' counsel and experts, and reimbursement of expenses;

(6)    Awarding Plaintiffs and the Classes unjust enrichment damages, injunctive relief, declaratory relief, attorneys' fees, and costs;

(7)    Awarding Plaintiffs and the Classes damages, injunctive relief, declaratory relief, attorneys' fees, and costs for breach of express warranties;

(8)    Awarding Plaintiffs and the Classes damages, injunctive relief, declaratory relief, attorneys' fees, and costs for breach of the implied warranty of merchantability;

(9)    Awarding Plaintiffs and the Nationwide Class damages, injunctive relief, declaratory relief, attorneys' fees and costs pursuant to § 501.2105, Fla. Stat;

(10)    Awarding Plaintiff Nguyen and the California Class injunctive relief, declaratory relief, attorneys' fees and costs pursuant to § 1780(e) Cal. Civ. Code;

(11)    Awarding Plaintiff Nguyen and the California Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under UCL;

(12)    Awarding Plaintiff Nguyen and the California Class damages, injunctive relief, declaratory relief, attorneys' fees, and costs under FAL;

(13)    Awarding Plaintiff Muscara, and the Pennsylvania Class damages, injunctive relief, declaratory relief, attorneys' fees and costs pursuant to 73 Pa. Stat. § 201-9.2;

(14)    Awarding Plaintiff Muscara, and the Pennsylvania Class damages and injunctive relief for VPX committing the tort of negligent misrepresentation;

(15)    Awarding such other and further relief the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the Classes request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated:  May 29, 2019

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Attorneys for Plaintiff*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone:  305-200-5473
Facsimile:  305-200-5474
E-Mail:    jalderman@thealdermanlawfirm.com
           kjohnson@thealdermanlawfirm.com

By: */s/ Jason R. Alderman*
    Jason R. Alderman
    Florida Bar No. 172375
    Kristy M. Johnson
    Florida Bar No. 144282
    Troy A. Tolentino
    Florida Bar No. 117981

    -And-

LEVIN SEDRAN & BERMAN

By: */s/ Charles E. Schaffer*
    Charles E. Schaffer
    David C. Magagna Jr.
    510 Walnut Street, Suite 500
    Philadelphia, PA  19106
    Telephone: 215-592-1500
    Facsimile: 215-592-4663
    E-Mail: cschaffer@lfsblaw.com
           dmagagna@lfsblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed on May 29, 2019 with the Clerk by using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Jason R. Alderman*

Jason R. Alderman